UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, as Trustee, Successor in Interest to Wachovia Bank, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 at 4801 Frederica Street, Owensboro, KY 42301, *et al.*, | Case No. 2:17-cv-00143-MMD-VCF |
| | ORDER |
| Plaintiffs and Counter Defendants, | |
| v. | |
| VILLA VECCHIO CT. TRUST, | |
| Defendant and Counter Claimant. | |

I.    **SUMMARY**

This is one of hundreds of cases filed in this district seeking to quiet title following a foreclosure sale held by a homeowners' association for unpaid dues. Specifically, Plaintiffs US Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass Through Certificates, Series 2005-AR2 at 4801 Frederica Street, Owensboro, KY 42301 ("U.S. Bank") and Wells Fargo Bank, N.A. ("Wells Fargo" and jointly with U.S. Bank, "Plaintiffs") sued Defendant Villa Vecchio Ct. Trust ("Vecchio"),[1] contending that three deeds of trust they are the beneficiaries of (the "DOT(s)") continue to encumber 5147 Villa Vecchio Ct., Las Vegas, Nevada 89141, APN 176-36-514-048 (the "Property"); Vecchio counters it owns the Property free and clear of the DOT. (ECF Nos. 1, 52 at 5-7.) Before the Court are the parties' competing motions for summary judgment (ECF Nos. 105, 107) and Vecchio's motion to reopen discovery (ECF No. 106)

---

[1]Other Defendants were previously dismissed by stipulation. (ECF No. 48.)

1   following the United States Court of Appeals for the Ninth Circuit's order vacating the

2   Court's prior judgment and remanding for further proceedings consistent with *U.S. Bank,*

3   *N.A. v. Thunder Properties., Inc.*, 503 P.3d 299 (Nev. 2022).[2] (ECF Nos. 92, 93, 94, 98,

4   102, 104.) Because Vecchio did not meet and confer before seeking to reopen discovery,

5   has not met its burden to show that the applicable statute of limitations bars this case, the

6   undisputed evidence shows that the prior homeowners sufficiently tendered—and as

7   further explained below—the Court will deny Vecchio's pending motions and grant

8   Plaintiffs' Motion.

9   **II.    BACKGROUND**

10          These background facts are undisputed. (ECF Nos. 113 at 3 ("Vecchio does not

11   contest the recorded documents set forth by Wells Fargo regarding the Deed of Trust, the

12   HOA, and ACS' Notices regarding the eventual HOA Sale."), 116 at 6-7 (describing facts

13   regarding Vecchio's 2012 bankruptcy proceeding as undisputed).) Boris and Vongmala

14   Zheleznyak ("Borrowers") bought the Property (through a trust) in 2004. (ECF No. 107-

15   2.) They then quickly refinanced, taking out a loan secured by three deeds of trust on the

16   Property. (ECF Nos. 107-3, 107-4, 107-5.) While all three deeds of trust list Wells Fargo

17   as the beneficiary, the loan and first deed of trust were later assigned to U.S Bank. (ECF

18   No. 107-6.)

19          In 2010, the Borrowers stopped paying their homeowners' association dues on the

20   Property. (ECF No. 107-8 at 6.) So their homeowners' association recorded a notice of

21   delinquent assessment lien against the Property in September 2010. (ECF No. 107-11.)

22   At this time, the Borrowers owed $600 of past-due assessments. (ECF Nos. 107-10 at 6.)

23   The homeowners' association also recorded a notice of default and election to sell in

24   December 2010. (ECF No. 107-12.)

25          The homeowners' association used Complete Association Management Company

26   ("CAMCO") to communicate with homeowners, and accept and process payments from

27

28          [2]The parties filed responses and replies to the pending motions. (ECF Nos. 113, 115, 116, 117, 118, 119.)

1    **III.    DISCUSSION**

2           The Court first addresses Vecchio's motion to reopen discovery, then Vecchio's

3    statute of limitations argument, and then Plaintiffs' homeowner tender argument.

4           **A.    Motion to Reopen Discovery**

5           Vecchio filed a motion to reopen discovery solely so that it may rely on Vecchio's

6    2012 bankruptcy petition and related documents that it never disclosed in this case for its

7    statute of limitations argument in its motion. (ECF No. 106 at 2-3.) The Court denies this

8    motion as moot because the Court takes judicial notice of these documents as described

9    above. And Plaintiffs also rely on the same documents in response to Vecchio's motion.

10   (ECF No. 116 at 6-7.) But even were the Court not to deny this motion as moot, the Court

11   would deny it because Vecchio admits it violated the disclosure requirements under the

12   Federal Rules of Civil Procedure and the local rules requiring parties to meet and confer

13   before filing discovery motions—itself adequate grounds to deny the motion. *See* LR IA

14   1-3(f)(4) ("Failure to make a good-faith effort to meet and confer before filing any motion

15   to which the requirement applies may result in denial of the motion."); LR 26-6(c)

16   ("Discovery motions will not be considered unless the movant (1) has made a good faith

17   effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and . . .").

18          **B.    Statute of Limitations**

19          The Court previously held that this case was timely filed because a five year statute

20   of limitations applied, and the limitations period began running the day after the HOA

21   Sale. (ECF No. 82 at 13-14.) But it is now clear that a four-year statute of limitations

22   applies to this case, and the limitations period does not necessarily begin running from

23   the date of the HOA Sale. *See Thunder Properties*, 503 P.3d at 306-07. Instead, the

24   limitations clock begins running when the lienholder "has something closely analogous to

25   'notice of disturbed possession,' such as repudiation of the lien.'" *Id.* at 306. Both in its

26   motion and in response to Plaintiffs' motion, Vecchio only points to one potential trigger

27   date—the date that Vecchio filed its bankruptcy petition in May 2012. (ECF Nos. 105 at

28   8-10, 113 at 5-8.) Plaintiffs counter that this cannot have set the limitations clock running

4

because Vecchio did not repudiate the lien in its bankruptcy petition or related filings, in which Vecchio stated U.S. Bank had a secured lien on the Property, merely challenging the amount of the lien. (ECF No. 116 at 15-17.) The Court agrees with Plaintiffs.

Because the "bar of a statute of limitations is an affirmative defense," Vecchio must "prove every element of the defense." *Fruit & Vegetable Packers & Warehousemen Loc. 760 v. Morley*, 378 F.2d 738, 746 (9th Cir. 1967); *see also Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.*, 338 P.3d 1250, 1254 (Nev. 2014) (stating that the party who raises an affirmative defense bears the burden of proving its applicability). Vecchio has not shown it is entitled to summary judgment that it repudiated the applicable liens in its 2012 bankruptcy petition and related documents.

Indeed, the evidence shows the opposite—that Vecchio affirmed the existence of U.S. Bank's lien when it filed for bankruptcy. As mentioned above, it is undisputed that Vecchio's initial petition listed U.S. Bank as a creditor regarding the Property, stating that the amount of its claim was 'unknown,' but also 'secured' in the amount of $403,800.00 (ECF No. 105-10 at 5), and in the corresponding schedules, Vecchio listed U.S. Bank as having a first mortgage in the amount of $392,800 on the Property in a section of the schedules for secured claims (ECF No. 105-12 at 8). Vecchio's bankruptcy filings did not set the limitations clock running because Vecchio affirmed, instead of repudiated, the existence of the lien in them. *See Prof-2013-M4 Legal Title Tr. IV v. Spinnaker Point Ave. Tr.*, Case No. 2:17-cv-00445-APG-EJY, 2023 WL 3937899, at *3 (D. Nev. Feb. 22, 2023) (making a similar finding). And because these filings did not set the clock running—and Vecchio points to no other affirmative action that could have—Vecchio has not met its burden to show that Plaintiffs' quiet title claim is time-barred. *See id.* (finding that the plaintiff's "declaratory relief claim therefore is timely because there is no evidence the defendants affirmatively repudiated the lien more than four years prior to [the plaintiff] filing this lawsuit.").

///

///

5

### C.    Homeowner Tender

That brings the Court to Plaintiffs' core argument—that the DOTs continue to encumber the Property because the Borrowers tendered more than the superpriority amount before the HOA Sale. (ECF Nos. 107 at 10-15, 116 at 9-15.) Vecchio does not even oppose this argument, instead doubling down on its statute of limitations argument. (ECF Nos. 113 at 9 ("As noted by Wells Fargo in the Motion, the Borrowers previously made payments which, after being processed by ACS, were sent, in part, to the HOA for an application to the previously missed assessments.").) And Vecchio does not dispute the facts described above pertinent to Plaintiffs' homeowner tender argument. (*Id.*)

"The homeowner has the ability to cure a default as to the superpriority portion of an HOA lien." *9352 Cranesbill Tr. v. Wells Fargo Bank, N.A.*, 459 P.3d 227, 232 (Nev. 2020). And while *Cranesbill* provides a framework for determining how to infer the intent of the pertinent homeowner, *see id.* at 231-32, that framework is unnecessary here because the undisputed evidence before the Court shows that Borrowers tendered more than the superpriority amount, and those amounts were applied by the homeowners' association's agent to the oldest past-due assessments. (ECF No. 107-8 at 5-6, 8.) Because Borrowers tendered a more-than-adequate amount, the HOA Sale was void. *See Cranesbill*, 459 P.3d at 228-31.

Plaintiffs are accordingly entitled to judgment on their quiet title claim and a declaration that the DOTs continue to encumber the Property. The Court will dismiss Plaintiffs' remaining claims as moot.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Vecchio's motion for summary judgment (ECF No. 105) is denied.

It is further ordered that Vecchio's motion to reopen discovery (ECF No. 106) is denied.

It is further ordered that Plaintiffs' motion for summary judgment (ECF No. 107) is granted.

It is further ordered that the DOTs continue to encumber the Property as specified herein.

It is further ordered that Plaintiffs prevail on their quiet title claim, and on Vecchio's counterclaims for quiet title.

It is further ordered that Plaintiffs' remaining claims are dismissed as moot considering the Court's rulings herein.

The Clerk of Court is directed to enter judgment accordingly—in Plaintiffs' favor and against Vecchio—and close this case.

DATED THIS 9th Day of January 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE